expressly stated in so many formal words. The petition and answer furnish the issue, and from the facts proven under the issue is to be determined whether the penalty of $140 can be imposed upon the defendant, to be collected out of the sale of his cattle.

The attorney for respondent raises the question that, this being a special proceeding, no new trial can be had. True, it is a special proceeding, but the statute (section 3090) says, that when issue is joined, "further proceedings are the same as an action." And section 3104 prescribes that the appeal shall be taken in the same manner as in an action. So that into this special proceeding there is, by special provision of law, injected all of the rights accorded litigants in an action. For all purposes, then, the proceeding, when issue is joined, is an action; the final order is a judgment, from which an appeal to be heard by the court may be taken, or from which, if the value of the animals seized, or the amount demanded in penalties, exceeds $50, a demand for a new trial in the county court may rightfully be made in a notice of appeal.

I think that the case of In re Rafferty, 14 App. Div. 55, cited upon respondent's brief (same case in 43 N. Y. Supp. 760), does not apply to appeals to the county court. It was held by the appellate division in that case that that court had no jurisdiction of an appeal from the decision of the county court where a special proceeding was instituted in a justice's court, as there was no provision of the statutes giving them such jurisdiction. An entirely different condition exists in the case of an appeal to the county court, which is expressly given jurisdiction by statute. Authority is given to take an appeal in this proceeding "in like manner as an appeal from a judgment of the justice in an action to recover a sum of money, equal to the value of the animal or animals." In the absence of this statutory authority, the county court would doubtless experience the same condition of a lack of jurisdiction that obtained in the Rafferty Case in the appellate division. The motion is denied, with $10 costs.

Motion denied, with $10 costs.

---

(37 Misc. Rep. 236.)

## In re PRESTON'S ESTATE.

(Surrogate's Court, Kings County. February, 1902.)

TRANSFER TAX—PROPERTY OF NONRESIDENT.
    Mortgage bonds securing real estate in New York, kept by the owner, a resident of New Jersey, at her residence until her death, are not subject to the transfer tax.

In the matter of the appraisal of the estate of Mary Preston, deceased. Assessment vacated.

Edward H. Fallows, for state comptroller.
Joseph J. Hood, for executors and residuary legatees.

CHURCH, S. The decedent, a resident of New Jersey, owned certain bonds secured by mortgages on real property in Kings county, which she kept at her residence. The appraiser has held these bonds

all subject to the transfer tax. In Re Bronson, 150 N. Y. 1, 44 N. E. 707, 34 L. R. A. 238, 55 Am. St. Rep. 632, it was held that bonds of domestic corporations, owned and kept by a nonresident, were not the subject of the tax, the court saying (page 8, 150 N. Y., page 708, 44 N. E., 34 L. R. A. 238, 55 Am. St. Rep. 632):

"The legal situs of the indebtedness was at the creditor's domicile and, as the actual situs of the bonds themselves was also there, upon no theory can it be held that the provisions of the transfer tax act could reach them in its operation."

If this is so as to the bonds of a corporation, which presumably were secured by the usual corporation mortgage, then I see no reason why it should not also apply in the case of the bond of an individual. The counsel for the state comptroller, however, insists that such a distinction should be made, and that the court of appeals has recognized this distinction by its decision in Re Romaine, 127 N. Y. 80, 27 N. E. 759, 12 L. R. A. 401. In that case the property of the nonresident decedent was kept in a safe deposit box in New York state. Among such property was a bond and mortgage on real estate in New York City. The court held that such property was subject to the tax, but seemed to base its decision upon the fact that this was property "within the state," on account of its deposit in such safe deposit box, and no attempt was made to differentiate between the bond and mortgage and the other securities. Under these circumstances, I feel inclined to adopt the reasoning in Re Bronson, and am fortified in so doing by the decision of Judge Abbott in Re Moran, November 25, 1901, in which he held that bonds and mortgages on property in this state owned by a nonresident and kept by him without the state were not subject to the tax. An order may be submitted vacating the assessment, and remitting the matter to the appraiser.

Assessment vacated, and matter remitted to appraiser.